## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JUSTIN DALE CHURCH,

                                                    Civil No. 24-1235 (JRT/DTS)

                              Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER**
PAUL SCHNELL, *et al.*,                 **DENYING PLAINTIFF'S APPLICATION TO**
                                        **PROCEED *IN FORMA PAUPERIS* ON**
                              Defendants.              **APPEAL**

Justin Dale Church, OID #228052, MCF Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* Plaintiff.

Plaintiff Justin Dale Church brought this action under 42 U.S.C. § 1983 against various Minnesota correctional officials. (*See* Compl., Apr. 8, 2024, Docket No. 1.) Magistrate Judge David T. Schultz ordered Church to pay an initial filing fee of $10.10 under 28 U.S.C. § 1915(b) and warned Church that failure to pay within 21 days would result in dismissal. (Order at 1–2, Apr. 18, 2024, Docket No. 4.) When Church failed to pay, Magistrate Judge Schultz recommended the Court dismiss this action for failure to prosecute. (R. & R. at 1, May 19, 2024, Docket No. 5.) Church did not file any objections to the Report and Recommendation, and the Court dismissed the action without prejudice. (Order Adopting R. & R. at 1, June 25, 2024, Docket No. 6.) Church has since filed a notice of appeal to the Eighth Circuit and asks to proceed in forma pauperis ("IFP") on appeal. (Appl. to Proceed IFP, Aug. 9, 2024, Docket No. 9.)

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  *See id.* at 445.  An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Because the Court correctly dismissed Church's complaint for failure to prosecute after he failed to pay the statutorily required partial filing fee, his appeal must be deemed to be frivolous.  Accordingly, the Court will deny his application to proceed IFP on appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiff's Application to Proceed IFP on Appeal [Docket No. 9] is

**DENIED.**


DATED:  September 5, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge